UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BAYMARK FINANCIAL, INC.,

    Plaintiff,

v.

KEVIN SMITH, et al.,

    Defendants.

_____/

No. C 12-4881 PJH

**ORDER REMANDING CASE**

Defendants Kevin Smith and Lucienne Hunter removed this case from the Superior Court of California, County of Alameda, on September 18, 2012, alleging both federal question and diversity jurisdiction. The court has reviewed the notice of removal and the state court complaint, and finds that the case must be remanded for lack of subject matter jurisdiction.

Subject matter jurisdiction is fundamental and cannot be waived. Billingsly v. C.I.R., 868 F.2d 1081, 1085 (9th Cir. 1989). Federal courts can adjudicate only those cases which the Constitution and Congress authorize them to adjudicate – those involving diversity of citizenship or a federal question, or those to which the United States is a party. Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994); see also Chen-Cheng Wang ex rel. United States v. FMC Corp., 975 F.2d 1412, 1415 (9th Cir. 1992) (federal courts have no power to consider claims for which they lack subject-matter jurisdiction).

A defendant may remove a civil action filed in state court if the action could have originally been filed in federal court. 28 U.S.C. § 1441. The removal statutes are construed restrictively, however, so as to limit removal jurisdiction. Shamrock Oil & Gas

Corp. v. Sheets, 313 U.S. 100, 108-09 (1941); see also Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003).

The burden of establishing federal jurisdiction for purposes of removal is on the party seeking removal. Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1117 (9th Cir. 2004). The district court must remand the case if it appears before final judgment that the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c); Albingia Versicherungs A.G. v. Schenker Int'l, Inc., 344 F.3d 931, 936 (9th Cir. 2003).

Subject matter jurisdiction is determined from the face of the complaint. Toumajian v. Frailey, 135 F.3d 648, 653 n.2 (9th Cir. 1998) ("[f]or removal to be appropriate, a federal question must appear on the face of the complaint"); see also Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) (federal question must be presented on face of plaintiff's properly pleaded complaint); Fifty Assocs. v. Prudential Ins. Co. of Am., 446 F.2d 1187, 1189-90 (9th Cir. 1970) (existence of diversity jurisdiction must be sufficient on the face of the complaint). Jurisdiction may not be based on a claim raised as a defense or a counterclaim. K2 America Corp. v. Roland Oil & Gas, LLC, 653 F.3d 1024, 1029 (9th Cir. 2011) (citing Vaden v. Discover Bank, 556 U.S. 49, 59 (2009)).

The complaint at issue was filed in Alameda County Superior Court on January 10, 2012, by plaintiff Baymark Financial, Inc. The complaint alleges a single cause of action under state law, for unlawful detainer to recover possession of property located in Oakland, California, following a non-judicial foreclosure sale of the property on December 15, 2011. A copy of the Trustee's Deed Upon Sale is attached as an exhibit to the state court complaint. The complaint alleges that following the sale, defendants were served with a 3-day Notice to Vacate Property, and that as of the date the complaint was filed, defendants remained in possession of the property.

The notice of removal alleges no facts from which the court can find that it has federal question jurisdiction under 28 U.S.C. § 1331. Defendants assert that jurisdiction is proper under the Constitution and laws of the United States, based on alleged violations of "civil rights" and their rights under the Americans With Disabilities Act and the federal Truth

in Lending Act, and also in violation of the automatic stay in effect based on the bankruptcy of the co-owner of the property.  See Notice of Removal ¶¶ 2-3, 5.

While defendants purport to remove the action under federal question jurisdiction by asserting that they have claims or defenses based on federal law, the complaint itself does not raise any federal statutory or constitutional provision as the basis for the unlawful detainer action.  Rather, the complaint alleges only a single claim under California Code of Civil Procedure §§ 1159 and 1160.  As no federal question is raised in the complaint, there is no federal question jurisdiction.

Nor is there diversity jurisdiction under 28 U.S.C. § 1332, as the amount in controversy is under $75,000.00.  See 28 U.S.C. § 1332(a).  The complaint seeks restitution of the premises, and, based on an alleged reasonable rental value of $1,500.00 per month, seeks damages in the amount of $50.00 per day from January 10, 2012 through the date of entry of judgment, plus costs of suit.  The amount in controversy is not – as defendants assert – the assessed value or the sales value of the property, but rather the $50.00 per day that plaintiff is seeking in damages.  Thus, if plaintiff prevails against defendants in the unlawful detainer action, liability will not exceed $75,000.00.

Moreover, assuming that defendants Kevin Smith and Lucienne Hunter are California citizens, they cannot remove a case, based on diversity jurisdiction, which was filed against them in a California state court.  Lincoln Property Co. v. Roche, 546 U.S. 81, 83-84 (2005) (citing 28 U.S.C. § 1441(b)).

Accordingly, as the court lacks subject matter jurisdiction, the action is hereby REMANDED to the Alameda County Superior Court.

**IT IS SO ORDERED.**

Dated:  September 25, 2012

_____
PHYLLIS J. HAMILTON
United States District Judge

3